Filed 3/4/26  P. v. Delgado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADOLFO DELGADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B337252<br>(Super. Ct. No. BA045767)<br>(Los Angeles County) |

Adolfo Delgado appeals the denial of his motion under Penal Code[1] section 1473.7 to vacate his 1991 drug conviction. We conclude the trial court improperly denied his motion as successive.  We will reverse and remand with instructions.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about October 9, 1991, a complaint charged appellant with transportation, sale, or furnishing of phencyclidine (PCP) (Health & Saf. Code, § 11379.5, subd. (a)).

---

[1] Undesignated statutory references are to the Penal Code.

On October 28, 1991, appellant waived arraignment and pleaded not guilty.

On November 19, 1991, appellant pleaded guilty pursuant to an agreement under which the People would ask the court to sentence appellant to a three-year "lid" and the case would proceed in a certain department. During the hearing, the prosecutor advised: "You should be informed, even though this does or does not apply to you, if you are not a citizen of the United States, that a plea of guilty to this charge could result in your deportation from the United States and your inability to become a naturalized citizen of the United States. Do you understand that?" Appellant replied, "Yes."

On January 14, 1992, the court imposed and suspended the low term of three years in state prison. The court placed appellant on formal probation for three years with 180 days in county jail as a condition of probation.

On April 10, 2018, appellant filed a motion to vacate his conviction under section 1473.7. Appellant argued his counsel had been ineffective. The court held a hearing and denied the motion.

On December 13, 2023, appellant filed another motion to vacate his conviction under section 1473.7. Appellant declared that he came to the United States in 1976 as a permanent resident. His wife is a citizen, and his four children were born in the United States. Three of the four children were born before appellant's 1991 plea.

According to counsel's December 2023 declaration, appellant "was brought to ICE (Immigration and Custom Enforcement) attention in 2013 with the filing of a Notice to Appear charging him as deportable. . . . The Immigration Judge

denied all forms of relief, the Board of Immigration Appeals affirmed that decision, and an appeal is currently pending before the Ninth Circuit Court of Appeals."

Appellant declared his lawyer for the 1991 plea never informed him that the crime would disqualify him from remaining in the country and cause his deportation.

On January 17, 2024, the court denied the motion. At the hearing, the court stated it had "received a motion. I barely reviewed it, but I don't know that I need to review it." The court explained that it had denied the 2018 motion and "[t]here's no reason why this motion should be presented again. . . . So I'm inclined to deny it today's date, based on successive and duplicative filings." Appellant's counsel argued a renewed motion was appropriate given the amendments to section 1473.7 and this division's opinion in *People v. Ruiz* (2020) 49 Cal.App.5th 1061 (*Ruiz*). The court asked if counsel had reviewed the plea colloquy transcript. Counsel indicated she "pulled what [she] could" but did not have access to the transcript.

The People had intended to ask for a continuance to run appellant's rap sheet, and they had agreed with counsel on a February date. The court indicated there was no need for a continuance and that "the colloquy is clear."

The court stated: "I'm inclined to deny it, counsel. It's successive, in this court's opinion . . . ." The court indicated counsel should have obtained the plea transcript for the motion. The court concluded: "So it's the same set of facts, it's the same set of scenario, it's the same transcript that I cannot change, and it's in the same basis that the court based it on before. The colloquy of the plea was very clear. Denied."

3

## DISCUSSION

Section 1473.7, subdivision (a)(1) authorizes a person no longer in criminal custody to file a motion to vacate a conviction or sentence that is "legally invalid due to prejudicial error damaging [their] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence."

"A successful section 1473.7 motion requires a showing, by a preponderance of the evidence, of a *prejudicial* error that affected the defendant's ability to meaningfully understand the actual or potential immigration consequences of a plea." (*People v. Vivar* (2021) 11 Cal.5th 510, 517.) "'[P]rejudic[i]al error . . . means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences.'" (*People v. Espinoza* (2023) 14 Cal.5th 311, 319 (*Espinoza*).)

To assess prejudicial error, "courts must 'consider the totality of the circumstances.' [Citation.] 'Factors particularly relevant to this inquiry include the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible.' [Citations.] Also relevant are the defendant's probability of obtaining a more favorable outcome if he had rejected the plea, as well as the difference between the bargained-for term and the likely term if he were convicted at trial." (*Espinoza, supra,* 14 Cal.5th at p. 320.) "A defendant must provide ""objective evidence"" to corroborate factual assertions." (*Id.* at p. 321.)

4

"We apply independent review to evaluate whether a defendant has demonstrated a reasonable probability that he would have rejected the plea offer had he understood its immigration consequences." (*Espinoza*, *supra*, 14 Cal.5th at p. 319.) Under that standard, "'"an appellate court exercises its independent judgment to determine whether the facts satisfy the rule of law."'" (*Id.* at pp. 319-320.) When "the trial court's findings 'derive entirely from written declarations and other documents,' the trial court and the reviewing court '"are in the same position,"' and no deference is owed." (*Id.* at p. 320.)

The parties agree that appellant's 2023 motion was not successive of his 2018 motion. Given the intervening amendment to section 1473.7, we agree with the parties. Effective January 1, 2019, Assembly Bill No. 2867 (2017-2018 Reg. Sess.) "made it easier to retroactively challenge convictions" based on an inadequate immigration advisement. (*Ruiz*, *supra*, 49 Cal.App.5th at p. 1066.) Significantly, the new law eliminated the need to meet the requirements of *Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d. 674]. (*Ruiz.* at pp. 1066-1067; § 1473.7, subd. (a)(1) ["finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel"].) Because the new law "provides a different standard for challenging and prevailing based on immigration advisement errors," the 2018 motion did not bar appellant's 2023 motion. (*Ruiz*, at p. 1069.)

The parties dispute whether the trial court ruled on the merits. We conclude the trial court denied the motion as successive, not based on the merits.

At both the beginning and end of the hearing, the court described the motion as "successive." The court stated: "There's

no reason why this motion should be presented again.  I don't think the law says that if you miss the first time and you're denied, you get, at any point in time, another shot at this."  The trial court's reasoning runs afoul of *Ruiz*.  There, the trial court similarly determined "that allowing Ruiz to proceed with her current 2019 motion would give her a *second bite of the apple* to challenge her counsel's mistake that occurred in 1991." (*Ruiz*, *supra*, 49 Cal.App.5th at p. 1069.)  But as *Ruiz* explained, given the new law, "this is a *different apple*." (*Ibid*.)

Here, the trial court did also discuss the plea hearing transcript, indicating the plea "colloquy is clear."  However, the court did not offer its appraisal of the colloquy as an alternative basis for denying the motion.  Rather, the transcript's constancy explained why the motion was successive:  "[I]t's the same set of facts, it's the same set of scenario, it's the same transcript that I cannot change, and it's in the same basis that the court based it on before.  The colloquy of the plea was very clear.  Denied."

This analysis fails to recognize that even when the facts remain the same, a change in the legal standard can produce a different result.  Thus, even if the plea transcript remained the same, the amendment to section 1473.7 provided grounds for a new motion.  Appellant was entitled to the trial court's full consideration of his motion, which conflicts with the trial court's statement it "barely reviewed" the motion.  As in *Ruiz*, we will reverse and remand for the trial court to hear and consider the motion on the merits. (*Ruiz*, *supra*, 49 Cal.App.5th at p. 1070 ["Ruiz is entitled to a hearing on the merits"]; § 1473.7, subd. (d).) *Ruiz* did not conduct a harmless error analysis pursuant to *People v. Watson* (1956) 46 Cal.2d 818.

We cannot conclude the error was harmless, assuming such analysis is appropriate here. The plea colloquy shows the prosecutor's advisement pursuant to section 1016.5 was inadequate in at least one respect—it failed to mention exclusion from admission to the United States. (See § 1016.5, subd. (a).) And not even a correct section 1016.5 advisement precludes section 1473.7 relief. (*Espinoza*, *supra*, 14 Cal.5th at p. 320.) The deficient in-court advisement by the prosecutor in this case lends credence to appellant's declaration as to his own lawyer's failure to inform. Especially given appellant's years living in the United States, his permanent resident status, and the citizenship of his wife and three children at the time of his plea, there is a reasonable probability a result more favorable to appellant would have been reached absent the trial court's error in denying the motion as successive.

Appellant requests that we order a different judicial officer be appointed to hear the matter on remand. We decline to do so. "An appellate court must exercise its power to disqualify a judge under [Code of Civil Procedure section 170.1, subdivision (c)] sparingly, and only when the interests of justice require it." (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.)[2] Although the trial court erred in denying appellant's motion as successive, "'[m]ere judicial error does not establish bias and normally is not a proper ground for disqualification.'" (*In re*

---

[2] Code of Civil Procedure section 170.1, subd. (c) provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."

*Tuilaepa* (2025) 108 Cal.App.5th 1262, 1283.) "We find nothing in the record that demonstrates actual bias or the appearance of bias . . . ." (*Lablanc*, at p. 1080.) Thus, we deny the request to appoint a different judicial officer on remand.

DISPOSITION

The order denying the motion is reversed, and the matter is remanded to the trial court with instructions to hear and consider appellant's section 1473.7 motion on the merits. We express no view as to the proper outcome for the hearing.

NOT TO BE PUBLISHED.


CODY, J.


I concur:


BALTODANO, J.

YEGAN, A.P.J., dissenting:

I respectfully dissent for the reasons stated in *People v. Ruiz* (2020) 49 Cal.App.5th 1061, 1070-1072.)

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

Mildred Escobedo, Judge
Superior Court County of Los Angeles

_____

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Christopher G. Sanchez and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.